**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4592**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

CHRISTOPHER E. MILLER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., Senior District Judge. (6:14-cr-00043-GRA-1)

Submitted: January 22, 2015      Decided: January 26, 2015

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher E. Miller pled guilty to possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). At Miller's sentencing hearing, his attorney requested a sentence below the advisory Guidelines range of 97-121 months' imprisonment. The judge rejected Miller's request and sentenced him to a 97-month term. He appeals, arguing that the district court failed to adequately provide an individualized reason as to why it rejected his request for a below-Guidelines sentence. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49–50; see Rita v. United States, 551 U.S. 338, 346–47 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent

2

of any variance from the Guidelines range." <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). This court applies a presumption of correctness to a sentence within the properly-calculated Guidelines range. <u>Rita</u>, 551 U.S. at 346–47.

Here, the district court correctly calculated Miller's Guidelines range and, after hearing his arguments for a below-Guidelines sentence, imposed a within-Guidelines sentence of 97 months. We find that the district court's explanation was sufficient to show that the court conducted the sort of individualized sentencing analysis required under <u>Gall</u> and <u>Carter</u>. Moreover, Miller has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. Therefore, we find that Miller's sentence is reasonable.

Accordingly, we affirm Miller's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>